83 F.3d 422
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John STORY, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-5569.
 United States Court of Appeals, Sixth Circuit.
 April 18, 1996.
 
 1
 Before: SUHRHEINRICH and NELSON, Circuit Judges, and EDMUNDS, District Judge.*
 
 ORDER
 
 2
 John Story, represented by counsel, appeals a district court judgment denying several motions construed to be filed pursuant to 28 U.S.C. § 2255. The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1993, Story pleaded guilty to interstate transportation of stolen goods in violation of 18 U.S.C. § 2314, possession with intent to sell a motor vehicle part with an unlawfully removed vehicle identification number in violation of 18 U.S.C. § 2321, and money laundering in violation of 18 U.S.C. § 1956(a). He was sentenced to 18 months of imprisonment, three years of supervised release and ordered to pay restitution in the amount of $64,025.
 
 
 4
 Thereafter, Story filed a motion for a new sentencing hearing and to reconsider sentence, a second motion for downward departure, and a supplemental motion for a new sentencing hearing. The district court construed Story's motions as having been filed pursuant to 28 U.S.C. § 2255, asserting that: 1) the district court improperly enhanced his sentence for his role in the offense; 2) his conviction violated the Double Jeopardy Clause; and 3) counsel rendered ineffective assistance because he did not: a) call various witnesses at the sentencing hearing, b) raise various unresolved objections to the presentence investigation report, c) argue for a downward departure, and d) advise the court of the disparity between his sentence and his co-defendant's sentence. Story also argued that counsel should have challenged the accuracy of the order of restitution, but he withdrew this argument during an evidentiary hearing on his motions. The district court denied the motions as without merit.
 
 
 5
 Story has filed a timely appeal, arguing that counsel rendered ineffective assistance because he did not challenge the accuracy of the order of restitution. Story has fully served his period of incarceration; however, because he is subject to supervisory release he is still "in custody" within the meaning of 28 U.S.C. § 2255. See United States v. Essig, 10 F.3d 968, 970 (3rd Cir.1993).
 
 
 6
 Story has not raised on appeal any of the issues decided by the district court. Thus, in the absence of exceptional circumstances, the issues enumerated 1 through 3 above are considered abandoned and not reviewable on appeal. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992).
 
 
 7
 In his appellate brief, Story raises a claim that was not presented for resolution to the district court. Story argues that counsel rendered ineffective assistance because he did not challenge the amount of restitution the district court ordered him to pay. Unless exceptional circumstances are present, this court normally will not address an issue not raised in the district court. See United States v. Sheffey, 57 F.3d 1419, 1431 (6th Cir.1995), cert. denied, 116 S.Ct. 749 (1996). Although Story initially raised this issue in a motion filed in the district court, he informed the court, during an evidentiary hearing, that the matter had been satisfactorily resolved after the parties agreed that restitution would be reduced by any proceeds received from the sale of recovered vehicle parts. Thus, the district court did not address this issue. Although Story argues on appeal that the agreement does not resolve the restitution issue, he does not dispute that the parties informed the district court that it need not address the issue. Therefore, Story has waived consideration of this claim.
 
 
 8
 Accordingly, we affirm the district court's judgment.
 
 
 
 *
 The Honorable Nancy G. Edmunds, United States District Judge for the Eastern District of Michigan, sitting by designation